UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-00214 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 1111] |
| vs. | : | |
| DONIQUE WILLIAMS, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Donique Williams requests a reduced sentence to time served under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government has not responded to Williams's petition.

For the reasons stated below, the Court **DENIES** Williams's motion for compassionate release.

I. Background

On November 14, 2014, Defendant Williams pleaded guilty to one count of possession with intention to distribute heroin.[2] On March 19, 2015, this Court sentenced Williams to thirty-six months' imprisonment, with credit for time served in federal custody, and thirty-six months supervised release.[3]

In early 2018, after his release from prison and while on supervised release, Williams was arrested and charged in state court for selling illegal drugs. One of the

---

[1] Doc. 1111.
[2] Doc. 414.
[3] Doc. 677.

Case No. 1:14-cr-214
Gwin, J.

individuals he allegedly sold drugs to died from an overdose. After a jury trial that ended in a mistrial, Williams pleaded guilty in Cuyahoga County Common Pleas Court to the lesser charges of corrupting another with drugs and trafficking. The state court sentenced him to 60 months' probation on each count.

On December 5, 2019, this Court revoked Williams's supervised release for the release violation stemming from the state drug charges.[4] The Court sentenced him to 18 months' imprisonment, with no credit given for time served in state custody.[5] The Court ordered that Defendant Williams's supervised release be terminated at the end of his 18 months' imprisonment.[6]

Williams was in prison for approximately two months of his eighteen-month sentence before Bureau of Prisons inadvertently released him on March 10, 2020. A month later this Court was notified of Williams's mistaken early release. The Court issued a warrant for Williams's arrest and he was returned to Bureau of Prisons custody on April 8, 2020.[7] Contrary to Williams's representation that he has "only several months" left on his sentence,[8] Williams has more than one year remaining.

On April 22, 2020 Williams filed the instant motion for compassionate release.[9]

For the following reasons, the Court **DENIES** Defendant's motion for compassionate release.

II.   Discussion

   A. Exhaustion

---

[4] Doc. 1090.
[5] *Id.*
[6] *Id.*
[7] Doc. 1106.
[8] Doc. 1111 at 2.
[9] Doc. 1111.

-2-

Case No. 1:14-cr-214
Gwin, J.

Under the compassionate release statute, the Court may reduce the defendant's term of imprisonment upon a motion by the defendant.[10] Specifically, 18 U.S.C. § 3582(c)(1)(A)(i) allows the Court to modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.

Williams does not allege that he has petitioned the warden for compassionate release. However, in light of the COVID-19 crisis some courts have adopted the position that administrative exhaustion may be excused.[11] This Court agrees. Although the compassionate release statute requires administrative exhaustion, the requirement may be waived. Accordingly, the Court waives the administrative exhaustion requirement as to Williams's petition.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[12] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[13]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[14]

Williams argues that he suffers from medical conditions that put him at higher risk

---

[10] 18 U.S.C. § 3582(c)(1)(A)(i).
[11] *See United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (Apr. 3, 2020).
[12] 18 U.S.C. § 3582(a)(1)(A).
[13] *Id.*
[14] Commentary to FSG § 1B1.13.

Case No. 1:14-cr-214
Gwin, J.

of serious medical consequences, including death, if he contracts COVID-19. Specifically, he states that he has asthma and hypertension.[15] These medical conditions do not fall into the specific categories of medical conditions contemplated by the policy statement, because they are not terminal illnesses, nor do they impact Williams's ability to provide self-care. Williams does not argue that he falls into the age or family circumstances categories.

The final category allows for release if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists.[16] While Williams's claimed medical conditions might subject him to an increased risk from COVID-19, Williams fails to attach any evidence supporting his claims of medical conditions. In the absence of such evidence, the Court declines to grant his request.

Additionally, Williams does not allege that COVID-19 is present in the prison. Williams only claims that a prison contractor tested positive.[17] Publicly available information demonstrates that since the filing of Williams's petition six staff members at the institution have tested positive.[18] However, the most recent information continues to reflect no cases among the inmate population. As such, Williams's current risk of contracting the virus currently appears to be low.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Williams's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Williams is granted

---

[15] Doc. 1111 at 9.
[16] Commentary to FSG § 1B1.13.
[17] Doc. 1111 at 2.
[18] Ohio Department of Rehabilitation & Correction, COVID-19 Inmate Testing Updated 5/17/2020, https://coronavirus.ohio.gov/static/DRCCOVID-19Information.pdf (last visited May 18, 2020).

Case No. 1:14-cr-214
Gwin, J.

leave to refile his petition with evidence of his medical conditions if he is able to

demonstrate the introduction of COVID-19 to the inmate population.

IT IS SO ORDERED.

Dated: May 21, 2020                  *s/     James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE