UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|                                        |   |                              |
|----------------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA,              | : | CASE NO. 1:14-cr-00214       |
|                                        | : |                              |
|     Plaintiff,     | : | OPINION & ORDER              |
|                                        | : | [Resolving Doc. 1152]        |
| vs.                                    | : |                              |
|                                        | : |                              |
| DONIQUE WILLIAMS,                      | : |                              |
|                                        | : |                              |
|     Defendant.     | : |                              |
|                                        | : |                              |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Donique Williams requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1]  The Government opposes Williams's request.[2]

For the reasons stated below, the Court **DENIES** Williams's motion for compassionate release.

## I. Background

After completing his federal sentence and after being put under supervised release, Defendant violated his supervised release conditions by suffering a state law conviction.  In state court, Defendant pleaded guilty to corrupting another with drugs and drug trafficking. The state court convictions violated the terms of Williams's federal supervised released.[3] On December 5, 2019, this Court sentenced Defendant to 18 months incarceration for violating the terms of his release.[4]

The Court denied Defendant's original motion for compassionate release and

---

[1] Doc. 1152.
[2] Doc. 1155.
[3] *U.S. v. Williams*, No. 1:14-cr-00214, 2020 WL 2572325, at *1 (N.D. Ohio May 21, 2020).
[4] *Id.*

Case No. 1:14-cr-00214
Gwin, J.

motion for reconsideration without prejudice.[5]  Defendant filed the current motion on

August 17, 2020, and includes medical conditions documentation.[6]  Defendant provides a

chart of his medications.[7]

## II.    Discussion

Defendant Williams seeks release because his asthma and hypertension could

increase his severe illness risk if he contracted COVID-19 at FCI McKean.[8]  Since

Defendant filed his motion for compassionate release, FCI McKean's COVID-19 cases have

risen to 46 confirmed inmate cases.[9]

The Government opposes and notes that Williams has not satisfied

18 U.S.C. § 3582's exhaustion requirement.  In Defendant's original motion for

compassionate release, the Court waived the exhaustion requirement.[10]  Further, the

Government asserts that Williams's asthma and hypertension do not warrant granting

compassionate release.[11]

### A.  Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term

after defendant has "fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility, whichever is

---

[5] *Id.* at 2.
[6] Doc. 1152; Doc. 1152-1.
[7] Doc. 1152-1.
[8] Doc. 1152 at 2, 4.
[9] Federal Bureau of Prisons, *Covid-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Dec. 21, 2020).
[10] Doc. 1155 at 3.
[11] *Id.* at 4–5.

Case No. 1:14-cr-00214
Gwin, J.

earlier."[12]

Defendant did not meet this exhaustion requirement.[13]  However, some courts have waived the exhaustion requirement in light of the COVID-19 pandemic.[14]  This Court waived the exhaustion requirement for Defendant's original compassionate release motion[15] and again will waive Defendant's exhaustion requirement.

### B.  Eligibility

A court may grant compassionate release if "extraordinary and compelling reasons warrant" a sentence reduction.[16]  The court must also consider the sentencing factors listed in 18 U.S.C. § 3553,[17] including "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed " to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant;" and "any pertinent policy statement," among other factors.[18]

The extraordinary and compelling reasons that could merit a sentence reduction include 1) terminal illness or serious medical condition that makes defendant unable to care for himself; 2) age; 3) family circumstances; and 4) "other reasons."[19]  Defendant's

---

[12] 18 U.S.C. § 3582(c)(1)(A)(i).

[13] Doc. 1152 at 6–7.

[14] *U.S. v. Zukerman*, 451 F. Supp. 3d 329, 332–33, at *3 (S.D.N.Y. 2020).

[15] *U.S. v. Williams*, 2020 WL 2572325, at *1.

[16] 18 U.S.C. § 3582(c)(1)(A)(i).

[17] 18 U.S.C. § 3553(a).

[18] *Id.*

[19] U.S.S.G. § 1B1.13 cmt. n.1.  The policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, 457 F. Supp. 3d 691, 699 (S.D. Iowa 2020), *appeal docketed* No. 20-2053 (8th Cir. May 27, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one").  This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate

Case No. 1:14-cr-00214
Gwin, J.

motion for compassionate release falls into the fourth category.

The Court recognizes Defendant's medical conditions and FCI McKean's increased COVID-19 infection rate but finds that Williams should not be granted compassionate release.

According to the CDC, moderate-to-severe asthma and hypertension are conditions that *might* put defendant at a greater risk of serious illness if he contracted COVID-19.[20] Defendant is 29 years old and apparently in good health besides taking medication for asthma and hypertension.[21]  The severity of his conditions are not clear from his medication list.  Further, Defendant does not cite cases granting compassionate release where a younger defendant had asthma and hypertension only.  Asthma and hypertension, without other complicating factors such as age or other conditions, do not merit granting compassionate release.[22]

The Court is also not convinced that Defendant would not be a danger to the community if released, given his criminal history and the fact that he is currently

---

release.  *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).  *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

[20] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[21] Doc. 1152-1.

[22] *See, e.g., U.S. v. Lewis*, No. 1:18-cr-123-2, 2020 WL 6827498, at *3 (S.D. Ohio Nov. 21, 2020) (citing multiple cases denying compassionate release where defendants with asthma did not otherwise prove they met the requirements for release or were at high risk for contracting severe COVID-19 illness); *U.S. v. Thompson*, No. 18-20496, 2020 WL 5412650, at *2 (E.D. Mich. Sept. 9, 2020), *appeal docketed*, No. 20-2052 (6th Cir. Oct. 26, 2020) (holding that defendant's asthma, hypertension, *and* diabetes may have satisfied the requirements for release but other factors weighed against release); *U.S. v. Duncan*, No. 3:11-cr-00012, 2020 WL 4669944, at *8 (M.D. Tenn. Aug. 12, 2020) (granting compassionate release where defendant had asthma, hypertension, kidney issues, diabetes, and other chronic conditions); *U.S. v. Amarrah*, 458 F. Supp. 3d. 611, 616 (E.D. Mich. 2020) (granting compassionate release where defendant's conditions included diabetes, hypertensive heart disease, and asthma).

-4-

Case No. 1:14-cr-00214
Gwin, J.

incarcerated because he violated his supervised release terms.[23]

### III.    Conclusion

For the foregoing reasons, the Court **DENIES** Williams's request for compassionate

release.

IT IS SO ORDERED.

Dated:  December 22, 2020              s/         James S. Gwin
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[23] *See* Doc. 1155 at 6.